UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Katherine A. Ruth<br>on behalf of herself and all others<br>similarly situated,<br><br>               Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc.<br><br>               Defendant. | Case No. 05-CV-766<br><br><br><br><br>Class Action<br><br>Jury Trial Demanded |

**DEFENDANT EXPERIAN INFORMATION SOLUTION, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)**

## TABLE OF CONTENTS

Page

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT ............................................................................................................................. 3

    A.    Standard For Motion to Dismiss ..................................................................... 3

    B.    Because No Set Of Facts Can Support The Relief   Plaintiff Seeks, Her Complaint Should Be Dismissed ................................................................... 3

        1.    The FCRA Differentiates Between a "Consumer Report" and a "File" ................................................................................................. 4

        2.    The FCRA Specifies When Disclosure Of An Entire "File," As Opposed To A "Consumer Report," Is Required ...................................... 6

        3.    Credit Reporting Agencies Are Required To Provide "Consumer Reports," As Opposed To A "File" Disclosure, After A Completed Reinvestigation .............................................................................. 8

CONCLUSION .......................................................................................................................... 11

## TABLE OF AUTHORITIES

Page

### CASES

*Barnhart v. Walton*,
    535 U.S. 212, 122 S. Ct. 1265 (2002) ................................................................................9

*In re Federal Mogul-Global, Inc.*,
    348 F.3d 390 (3d Cir. 2003) ...............................................................................................9

*Federal Trade Commission v. Sun Oil Co.*,
    371 U.S. 505, 83 S. Ct. 358 (1963) ....................................................................................9

*Heath v. Credit Bureau of Sheridan, Inc.*,
    618 F.2d 693 (10th Cir. 1980) ...........................................................................................6

*Hishon v. King & Spaulding*,
    467 U.S. 69, 104 S. Ct. 2229 (1984) ..................................................................................3

*Mansell v. Mansell*,
    490 U.S. 581, 109 S. Ct. 2023 (1989) ................................................................................4

*Marshall v. Western Union Telegraph Co.*,
    621 F.2d 1246 (3d Cir. 1980) .............................................................................................9

*Ransom v. Marrazzo*,
    848 F.2d 398 (3d Cir. 1988) ...............................................................................................3

*Rocks v. City of Phila.*,
    868 F.2d 644 (3d Cir. 1989) ...............................................................................................3

*Rosenberg v. XM Ventures*,
    274 F.3d 137 (3d Cir. 2001) ........................................................................................4, 5, 9

*TRW Inc. v. Andrews*,
    534 U.S. 19, 122 S. Ct. 441 (2001) ..................................................................................10

*United States v. Cooper*,
    396 F.3d 308 (3d Cir. 2005) .........................................................................................5, 10

*United States v. Swan*,
    275 F.3d 272 (3d Cir. 2002) ............................................................................................8, 9

*United States v. Turkette*,
    452 U.S. 576, 101 S. Ct. 2524 (1981) ................................................................................8

# TABLE OF AUTHORITIES
(continued)

Page

*Wilson v. U.S. Parole Commission*,
   193 F.3d 195 (3d Cir. 1999) ............................................................................................. 6

## STATUTES

15 U.S.C. § 1681a(d) ........................................................................................................ 5, 8, 9

15 U.S.C. § 1681a(g) ................................................................................................................ 5

15 U.S.C. § 1681g .................................................................................................................. 7, 8

15 U.S.C. § 1681g(a)(1) ..................................................................................................... 6, 7, 9

15 U.S.C. § 1681i .................................................................................................................. 3, 8

15 U.S.C. § 1681i(a)(1) ......................................................................................................... 3, 8

15 U.S.C. § 1681i(a)(6) .................................................................................................. 2, 4, 9, 10

15 U.S.C. § 1681j(a) ................................................................................................................. 7

15 U.S.C. § 1681j(a)(1) ............................................................................................................. 7

15 U.S.C. § 1681j(b) ................................................................................................................. 7

15 U.S.C. § 1681j(c)(1) ............................................................................................................. 7

15 U.S.C. § 1681j(c)(3) ............................................................................................................. 8

15 U.S.C. § 1681j(f)(1) ............................................................................................................. 8

## RULES AND REGULATIONS

16 C.F.R. § 602.1(c) .............................................................................................................. 3, 7

16 C.F.R. Part 600 App. 604(4)-B ............................................................................................ 5

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. 3

## PRELIMINARY STATEMENT

Plaintiff Katherine A. Ruth's Complaint, brought on behalf of herself and all others similarly situated, alleges that Defendant Experian Information Solutions, Inc. ("Experian") committed a technical violation of the Fair Credit Reporting Act ("FCRA") by not providing her, free of charge, the complete contents of her credit file following an investigation into a dispute relating to a credit card account. Though she has suffered no damages and does not allege that her credit file contains inaccurate information, Ms. Ruth complains that Experian violated the FCRA because it did not provide her with a free disclosure of all information in her file after the completion of Experian's investigation. Plaintiff does not dispute that Experian investigated the account, corrected the account information, and provided Ms. Ruth written notice in a "consumer report"[1] reflecting the results of the investigation. Rather, unsatisfied with the "consumer report" sent to her, Ms. Ruth decided to purchase a second Experian file disclosure eight months later. Ms. Ruth found that the information in her file disclosure matched the information conveyed to her in the post-investigation "consumer report" and was accurate.

Plaintiff's conclusion that the FCRA requires the free disclosure of a complete "file" after an investigation, as opposed to a "consumer disclosure," ignores not only the plain language of the statute but every canon of statutory construction. Accordingly, Plaintiff has stated no claim as a matter of law. Experian therefore respectfully requests that the Court grant an order dismissing the complaint for failure to state a claim.

## STATEMENT OF FACTS

Plaintiff alleges that, on or about July 28, 2003, she viewed her credit history and determined that the status of her Household Bank account was incorrectly reported as unpaid and charged off. (Complaint, dated February 17, 2005 at ¶¶ 16-17.) Plaintiff disputed the status of

---

[1] As will be demonstrated in this memorandum, Experian interprets the term "consumer report" in accordance with the FCRA, not as Plaintiff uses the term in her Complaint.

1

the Household Bank account by letter to Experian dated August 1, 2003, which attached a letter from Household Bank's attorney indicating that the account was paid in full as of July 1998. (*Id.* at ¶18.)

According to the Complaint, on or about August 15, 2003, Experian sent Plaintiff "a one-page document" indicating that Experian updated the status on Plaintiff's Household Bank account to "paid." (*Id.* at ¶ 19.) Plaintiff alleges that, in spite of receiving Experian's notice, she was unable to determine whether Experian actually made the change to her file. (*Id.*) Plaintiff ordered another copy of her Experian consumer disclosure in or around March 2004, approximately eight months after receiving the August 15, 2003 notice, "so that she could review her entire credit file and check to ensure that the inaccurate information had indeed been deleted and that no additional errors or inaccurate information was being reported." (*Id.* at 20.)

The Complaint sets forth a single claim for relief:

> After its reinvestigation was completed, Experian was required under 15 U.S.C. § 1681i(a)(6) to provide to the Plaintiff a copy of her consumer report as her file was revised after Defendant completed its reinvestigation of the Plaintiff's dispute.
>
> Following the reinvestigation, Experian sent a brief summary report concerning the results of its reinvestigation to the Plaintiff, but failed to send the Plaintiff a new copy of her consumer report as required by section 1681i(a)(6)(B)(ii) of the FCRA.
>
> Defendant's failure to send the Plaintiff a new consumer report free of charge following its reinvestigation constituted a willful and/or negligent violation of section 1681i(a)(6) of the FCRA.

(Compl. at ¶¶ 32-34.) In sum, Plaintiff claims to have been damaged by having to purchase another consumer disclosure so that she could "ensure" that the results reflected on Experian's notice were correct. (*Id.* at ¶¶ 20-21, 32-33.) Plaintiff neither alleges that there was any inconsistency between Experian's August 15, 2003 "brief summary report" and the March 2004

2

"consumer report" regarding the Household Bank account, nor alleges that the March 2004 disclosure was inaccurate.

## ARGUMENT

### A. Standard For Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires a court to determine whether the plaintiff would be entitled to relief under any set of facts established in support of the claim. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2233 (1984). Although the court must view all allegations as true and in a light most favorable to the plaintiff, *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989), court may grant a motion to dismiss where the facts alleged in the pleading, even if true, fail to support the plaintiff's claim. *See Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

### B. Because No Set Of Facts Can Support The Relief Plaintiff Seeks, Her Complaint Should Be Dismissed

The FCRA sets forth the requirements of a credit reporting agency ("CRA") when responding to a consumer's dispute as to the accuracy of credit information in his or her credit file. 15 U.S.C. § 1681i.[2] If a consumer disputes the "accuracy of any item of information contained in a consumer's file," then the consumer reporting agency is obligated to conduct a reasonable investigation "free of charge." 15 U.S.C. § 1681i(a)(1)(A).

---

[2] Unless otherwise noted, all citations and quotations to the FCRA herein are to the language of the statute prior to amendments made by the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"). The amendments to the FCRA made by FACTA, relevant herein, became effective on December 1, 2004. 16 C.F.R. § 602.1(c).

3

Upon completion of this reinvestigation, the CRA must give the consumer written notice of the results:

> (A) In general - A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.
>
> (B) Contents - As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A) -
>
>> (i) a statement that the reinvestigation is completed;
>>
>> (ii) *a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation* . . .

15 U.S.C. § 1681i(a)(6) (emphasis added). Plaintiff's claims hinges on a misunderstanding regarding the definition of the phase "consumer report" as defined in the FCRA. 15 U.S.C. § 1681i(a)(6)(B)(ii). It is clear from Plaintiff's Complaint that she interprets the phrase "consumer report" to require a disclosure of all information that a CRA has on file regarding that particular consumer. This interpretation is wrong.

1. **The FCRA Differentiates Between a "Consumer Report" and a "File"**

Statutory construction of the FCRA's language reveals a distinction between the meaning of the terms "consumer report" and "consumer file." In analyzing a statute, like the FCRA, courts begin with the plain language of the statute since it is presumed that Congress expresses its intent through the ordinary meaning of its language. *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001) (citing *Mansell v. Mansell*, 490 U.S. 581, 109 S. Ct. 2023 (1989)). Where the statutory language is plain and unambiguous, no further inquiry is required. *Id.* If the statutory language is unclear, the court attempts to discern Congress' intent using the canons of

4

statutory construction. *United States v. Cooper*, 396 F.3d 308, 310 (3d Cir. 2005). A court must examine "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *XM Ventures*, 274 F.3d at 141.

The FCRA contains a detailed definition of "consumer report":

> The term "consumer report" means *any* written, oral, or other *communication of any information* by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for -
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under [the FCRA].

15 U.S.C. § 1681a(d) (emphasis added). Thus, a "consumer report" encompasses any communication of credit-related information by a CRA in connection with the consumer's eligibility for credit. *See* FTC Stmt. of General Policy or Interpretations under the FCRA, 16 C.F.R. Part 600 App. 604(4)-B (finding that a list of names can constitute a "consumer report" if compiled based on credit-worthiness).

In contrast to a "consumer report," a consumer's "file" includes all information the CRA has with respect to the particular consumer:

> The term "file," when used in connection with information on any consumer, means *all of the information* on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

15 U.S.C. § 1681a(g) (emphasis added).

Under standard rules of statutory construction, "a definition which declares what a term means is binding, and a definition which declares what a term 'means'. . . excludes any meaning

5

that is not stated." *Wilson v. U.S. Parole Comm'n*, 193 F.3d 195, 198 (3d Cir. 1999) (internal quotations and citations omitted) (citing *Colautti v. Franklin*, 439 U.S. 379, 392-93, 99 S.Ct. 675 (1979)). Thus, the definition of "file" necessarily excludes anything less than *all information* the CRA maintains on that consumer. On the other hand, the definition of "consumer report" expressly states that it is information from a consumer's credit "file" *which does not constitute the entire "file."* The plain language of the FCRA indicates that a "consumer report" and "file" yield different disclosures of credit information.

The Tenth Circuit has recognized that a "consumer report" is a compilation of information that consists of less than the consumer's "file." In *Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693 (10th Cir. 1980), plaintiff claimed that defendant CRA violated section 1681g(a)(1) of the FCRA by not disclosing his entire credit "file" upon request. The lower court held that it had no jurisdiction over this claim because no "consumer report" was issued. The Tenth Circuit reversed, holding:

> Section 1681g requires, with restrictions not necessarily applicable here, a consumer reporting agency to disclose upon request of the consumer the 'nature and substance of all information . . . in its files on the consumer' and the names of recipients of that information; *that statute does not limit the request to consumer reports*.

*Heath*, 618 F.2d at 697 (emphasis added). As the Tenth Circuit recognized, the definitions of "consumer report" and "file" are distinct and a CRA's disclosure obligation for each of these documents is different.

### 2. The FCRA Specifies When Disclosure Of An Entire "File," As Opposed To A "Consumer Report," Is Required

Consistent with the definitions described above, the FCRA clearly indicates when a CRA must disclose all information in a consumer's "file." The provision governing "[d]isclosures to consumers" upon request states:

6

> Every consumer reporting agency shall, upon request, and subject to 1681h(a)(1) of this title, clearly and accurately disclose to the consumer . . . *All information in the consumer's file at the time of the request*, except nothing in this paragraph shall be construed to require a consumer reporting agency to disclose any information concerning credit scores or any other risk scores or predictors relating to the consumer.

15 U.S.C. § 1681g(a)(1) (emphasis added). Tellingly, although this section requires disclosure of "all information in the consumer's file," it explicitly excludes "credit scores," which in and of themselves are considered "consumer reports."

Other provisions of the FCRA cross-reference this unambiguous requirement of a disclosure of "*all information in the consumer's file . . . .* " For example, the provision discussing charges for certain disclosures directly references § 1681g:

> [A] consumer reporting agency may impose a reasonable charge on a consumer . . . *for making a disclosure to the consumer pursuant to section 1681g of this title . . .*

15 U.S.C. § 1681j(a)(1). Similarly, in the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") that amended the FCRA, Congress referred to § 1681g when it required CRAs to provide each consumer with one "[f]ree annual disclosure":

> All consumer reporting agencies . . . *shall make all disclosures pursuant to section 609 [§ 1681g of this title]* once during any 12-month period upon request of the consumer and without charge to the consumer.

15 U.S.C. § 1681j(a) (as amended by the FACT Act) (emphasis added).[3]

Furthermore, the FCRA as amended now cross-references "*all information in the consumer's file*" where it requires free disclosures under other circumstances, including: when a consumer has received a notice of adverse action by a creditor, 15 U.S.C. § 1681j(b); when a consumer certifies that he or she is unemployed or on welfare, 15 U.S.C. § 1681j(c)(1)-(2); or

---

[3] Indeed, under FACTA, a consumer such as Ms. Ruth would be entitled to a free disclosure and would not be "forced to pay for a consumer report . . . ." (Complaint ¶ 21.); see also 16 C.F.R. § 602.1(c) (proving that the free file disclosure provisions of FACTA went into effect on December 1, 2004).

7

where credit fraud may have occurred, 15 U.S.C. § 1681j(c)(3), (d). Additionally, the FCRA permits a CRA to charge consumers a reasonable capped amount "*for making a disclosure to the consumer pursuant to section 609 [§ 1681g of this title]*" when the free disclosure provisions do not apply. 15 U.S.C. § 1681j(f)(1)(A) (emphasis added).

### 3. Credit Reporting Agencies Are Required To Provide "Consumer Reports," As Opposed To A "File" Disclosure, After A Completed Reinvestigation

After the completion of a reinvestigation, a CRA is required to provide to the consumer with a written notice which includes:

> [A] consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation . . .

15 U.S.C. § 1681i(a)(1)(B)(ii). Contrary to the allegations in Plaintiff's Complaint, the FCRA does not require a CRA to provide a "file" disclosure but a "consumer report."

When interpreting a statute, the "basic principles of statutory interpretation . . . require [courts] to be guided by the enacting authority's choice of words." *United States v. Swan*, 275 F.3d 272, 279 (3d Cir. 2002) (citing *United States v. Turkette*, 452 U.S. 576, 580, 101 S. Ct. 2524 (1981)). For example, in *Swan*, the Third Circuit was required to determine whether the word "should" was properly read to mandatorily require certain sentencing. *Id.* The court held that the word "should" could not be read to be mandatory because the enacting body was "capable of using language that is clearly mandatory" and did so in other sections. *See id.* at 280 (discussing use of the word "shall" as opposed to "should" to encompass a mandatory directive).

Here, Congress specifically chose the phrase "consumer report" in the section requiring notice to a consumer after a § 1681i reinvestigation. The phrase "consumer report" is clearly defined in the FCRA and, as discussed above, includes the disclosure information from a consumer's credit "file" *which does not constitute the entire "file."* 15 U.S.C. § 1681a(d). Congress's choice to use the phrase "consumer report" as opposed to "file," *after Congress used*

8

*the term "file" or a cross-reference to § 1681g(a)(1)(A) to describe every other disclosure of credit information to a consumer contained in the FCRA*, indicates that Congress did not intend that a "file" be disclosed after a reinvestigation. *See Swan*, 275 F.3d at 280.

This interpretation is bolstered when considering that, for Plaintiff's claim to be accurate, the Court would be required to read the definition of "file" into the definition of "consumer report." However, it is well established that "[i]dentical words used in different parts of the same act are intended to have the same meaning." *In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 407-08 (3d Cir. 2003) (citing *Barnhart v. Walton*, 535 U.S. 212, 221, 122 S. Ct. 1265 (2002)). In addition, "under the usual canons of statutory construction, where Congress . . . has carefully employed a term in one place and excluded it in another, it should not be implied where excluded." *Marshall v. Western Union Tel. Co.*, 621 F.2d 1246, 1251 (3d Cir. 1980) (citing *Federal Trade Comm'n v. Sun Oil Co.*, 371 U.S. 505, 515, 83 S. Ct. 358 (1963)). Indeed, the word "file," as explicitly defined in the FCRA, does not appear in the FCRA's definition of "consumer report." *See* 15 U.S.C. § 1681a(d). Thus, to read the phrase "consumer report" to require the disclosure of a consumer "file," as Plaintiff's allege, would require the Court not only to improperly imply a term where it has been excluded but to apply a completely different definition of the phrase "consumer report" solely to this particular section of the FCRA. This interpretation finds no support in the text of the FCRA. *See, e.g.*, *XM Ventures*, 274 F.3d at 145 (declining to interpret a section of a statute as plaintiff requested because it would require the court to ignore the stated definition of the phrase "person" and therefore to read a single section of the statute "in isolation"; stating "[t]his we cannot do.").

Indeed, Plaintiff's reading the definition of "consumer file" into the definition of "consumer report" renders meaningless the remaining language of § 1681i(a)(6)(B)(ii) ("that is based upon the consumer's file . . . ). "It is a well known canon of statutory construction that

9

courts should construe statutory language to avoid interpretations that would render any phrase superfluous." *Cooper*, 396 F.3d at 312 (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.")). For example, in *Cooper*, the government argued that DNA sampling applied to each offense listed in the parenthetical of the section quoted below:

> Any offense involving robbery or burglary (as described in chapter 103 of such title, sections 2111 through 2114, 2116, and 2118 through 2119).

*Cooper*, 396 F.3d at 312 (referring to 42 U.S.C. § 14135a(d)(1)(E)). The Third Circuit disagreed, holding that the qualifying phrase "involving robbery or burglary" would be rendered meaningless, and there would be no need for Congress to specify those crimes, if it were subsumed by the sections listed in the parenthetical. *Id.*

The same logic the Third Circuit applied in *Cooper* applies here. If "consumer report" means "file," as Plaintiff claims, Congress had no reason to modify "consumer report" with the phrase "*that is based upon the consumer's file as that file is revised as a result of the reinvestigation.*" See 15 U.S.C. § 1681i(a)(6)(B)(ii) (emphasis added). Under Plaintiff's construction, "consumer report" would have subsumed the phrase "the consumer's file as that file is revised as a result of the reinvestigation." Indeed, a "consumer report" could not be "based upon the consumer's file" *if it already means the entire file.*

Similarly, proper interpretation of § 1681i(a)(6)(B)(ii) requires independent effect to be given to the phrase "*as that file is revised as a result of the reinvestigation.*" See *Cooper*, 396 F.3d at 312 (stating "Because Congress chose to include it, the phrase must be given meaning if possible."). This phrase has independent meaning *only* if the section is interpreted to require a "consumer report" (a reporting containing less information than an entire "file") relating to the

10

specific information subject to the reinvestigation, as opposed to all information contained in the consumer's "file." If the section required the written notice to include all information contained in the file after a reinvestigation, Congress would have only needed to require disclosure of a "file."

According to the plain language of the statute and the canons of statutory construction, the FCRA requires a CRA to provide only a "consumer report" containing the information revised a result of a reinvestigation. Because the facts alleged in Plaintiff's Complaint cannot support her claim, the court should dismiss the Complaint.

## **CONCLUSION**

For these reasons, Experian requests that the Court enter an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and for such other or further relief as it deems just and proper.

Dated:  Blue Bell, Pennsylvania
   April 20, 2005

Respectfully submitted,

/s/ Mohammad A. Ghiasuddin
Mohammad A. Ghiasuddin, Esq.
Kaplin Stewart Meloff Reiter & Stein
350 Sentry Parkway
Building 640, P.O. Box 2027
Blue Bell, PA  19422-0765
(610) 260-6000

Of counsel:

Daniel J. McLoon, Esq.
Jones Day
555 West Fifth Street
Suite 4600
Los Angeles, California  90013-1025
  - and -
Patrick G. Broderick, Esq.
Albert J. Rota, Esq.
Jones Day
222 E. 41st Street
New York, New York  10017

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss Amended Complaint was caused to be served on this date upon the following via first-class mail as follows:

>James A. Francis, Esq.
>**Francis & Mailman, P.C.**
>Land Title Building, 19th Floor
>100 South Broad Street
>Philadelphia, PA  19110
>
>Respectfully submitted,
>
>/s/ Mohammad A. Ghiasuddin
>MOHAMMAD A. GHIASUDDIN, ESQ.
>**Kaplin Stewart**
>350 Sentry Parkway, Building 640
>P.O. Box 3037
>Blue Bell, PA 19422
>610-260-6000
>610-260-6874 (fax)
>*Attorneys for Defendant*

Dated:  April 20, 2005