UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Katherine A. Ruth<br>on behalf of herself and all others<br>similarly situated | ) ) ) | |
| | ) | C.A. No. 05-CV-766 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
| | ) | CLASS ACTION |
| Defendant. | ) | |
| | ) | |

**ORDER**

AND NOW, upon consideration of plaintiff's Motion for Class Certification (the "Motion") and Memorandum of Law in support thereof, and Defendant's response thereto,

IT IS, this _____ day of _____, 2005, HEREBY ORDERED that the Motion is GRANTED. This action shall be maintained as a class action in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2) and (b)(3) pursuant to the following findings of fact:

1.      The "Class," defined as all consumers in the United States and its Territories who disputed the completeness or accuracy of any information contained in their Experian credit files and to whom the Defendant failed to provide, within five business days after the completion of its reinvestigation, a consumer report based upon the consumer's file as that file was revised as a result of the reinvestigation, is so numerous that joinder of all members is impracticable.

2.      There are questions of law and/or fact common to the Class, including but not limited to the principal question whether Defendant violated the Fair Credit Reporting Act ("FCRA") by failing to provide free consumer reports in connection with providing consumers

with written notice of the results of a reinvestigation.  Other common questions include:

       (a)    whether the Defendant adopted a policy of not providing free consumer reports knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA;

       (b)    whether Defendant adopted a policy of not providing free consumer reports in reckless disregard of whether the policy contravened those rights;

       (c)    how frequently and persistently the Defendant failed to comply with the provisions of the FCRA;

       (d)    the nature of the Defendant's noncompliance with the FCRA;

       (e)    whether the Defendant is liable for exemplary or punitive damages based upon its behavior *vis a vis* the Class;

       (f)    if the Defendant is found liable for punitive damages, the appropriate measure of such damages; and,

       (g)    the amount of statutory and/or actual damages that the Plaintiff and the Class members are entitled to recover.

3.    The claims of Plaintiff Katherine A. Ruth are typical of the claims of the Class.

4.    Plaintiff will fairly and adequately protect the interests of the Class.

5.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

6.    Defendant has acted or refused to act on grounds generally applicable to the Class.

7.    The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

8.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

It is therefore

**ORDERED**, that Plaintiff Katherine A. Ruth is certified as Class representative; and it is further

**ORDERED**, that excluded from the Class are the Defendant, its parents, subsidiaries and affiliates, and all governmental agencies; and it is further

**ORDERED**, that the firms of Francis & Mailman, P.C. and Donovan Searles, LLC shall serve as Class Counsel.

_____
Charles R. Weiner, S.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Katherine A. Ruth<br>on behalf of herself and all others<br>similarly situated<br><br>              Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc.<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 05-CV-766

CLASS ACTION

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by counsel, hereby moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify this action as a class action and plaintiff Katherine A. Ruth as class representative. Plaintiff seeks certification of a class of all consumers in the United States and its Territories who disputed the completeness or accuracy of any information contained in their Experian credit files and to whom the Defendant failed to provide, within five business days after the completion of its reinvestigation, a consumer report based upon the consumer's file as that file was revised as a result of the reinvestigation (the "Class"). Excluded from the Class are the Defendant, its parents, subsidiaries and affiliates, and all governmental agencies.

Respectfully submitted,

DONOVAN SEARLES, LLC

Dated: May 13, 2005

By: _____
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Katherine A. Ruth<br>on behalf of herself and all others<br>similarly situated<br><br>    Plaintiff,<br><br> vs.<br><br>Experian Information Solutions, Inc.<br><br>    Defendant. | )<br>)<br>)<br>)  C.A. No. 05-CV-766<br>)<br>)<br>)<br>)<br>)  CLASS ACTION<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

## I. PRELIMINARY STATEMENT

### A. Background and Nature of the Case

Plaintiff, by counsel, respectfully submits this memorandum in support of her Motion for

Class Certification pursuant to Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules

of Civil Procedure, seeking certification of this action as a class action and Plaintiff Katherine A.

Ruth as class representative.

This case is a consumer class action brought by a consumer on behalf of consumers

nationwide against a major consumer reporting agency which has violated the federal Fair Credit

Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, *as amended* ("FCRA"), which requires consumer

reporting agencies to provide consumers with full, complete and accurate consumer reports.

### B. Procedural History

Plaintiff Katherine A. Ruth filed a Class Action Complaint (the "Complaint") in this case

on February 17, 2005. The Complaint alleges that Experian has willfully failed to provide copies

of consumer reports to consumers after consumers had disputed an item appearing in their

Experian credit files.  As a result, consumers who were entitled to receive free copies of their consumer reports from Experian were denied the statutorily required consumer report, and were required to order and pay for a consumer report from Experian in order to verify that the appropriate changes had been made to their credit file.  Experian's practice not only harms consumers by depriving them of important information about their credit files, it forces them to incur charges, and confer economic benefits to Experian, for information that is required to be free under the law.

In response, on April 20, 2005, Experian filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6).  Plaintiff will be filing an Answer to the Motion to Dismiss.  In the meantime, in accordance with Local Rule 23.1(c) requiring motions for class certification be filed within 90 days after the filing of a complaint, Plaintiff is filing the within Motion for Class Certification.

## II.   STATEMENT OF FACTS

### A.   The Parties

Plaintiff Katherine A. Ruth is a natural person who resides at 44 North Jefferson Street, Allentown, Pennsylvania 18102.  Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

Defendant Experian is an Ohio corporation that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 505 City Parkway West, Orange, California 92868.  The Complaint alleges that Experian is a consumer reporting agency as defined in section 1681 of the FCRA, and regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in section 1681a(d) of the FCRA, to third parties.

2

### B.     Factual Allegations in Complaint

### 1.     As to Defendant's Practices and Policies

The Complaint alleges that Experian is one of the three largest consumer reporting agencies in the United States and one of the largest, national repositories of consumer financial data. Experian collects data pertaining to consumers throughout the country. Experian receives thousands of inquiries from consumers claiming that their consumer reports contain inaccurate information or other erroneous information. Experian is required by law to reinvestigate alleged inaccuracies and report the results of its reinvestigations to consumers, along with a copy of the consumer's revised consumer file disclosure or report.

The Complaint alleges that Experian's practice and policy, upon completion of its "reinvestigation," is to only send consumers a cursory description of the reinvestigation results; Experian consciously and deliberately does not provide consumers with a copy of their consumer reports reflecting the status post-reinvestigation. As such, consumers who wish to confirm that a corrected inaccuracy is actually reflected in their credit file must separately obtain, and usually pay for, a consumer file disclosure from Experian. The Complaint alleges that Experian has undertaken and implemented this practice and policy either knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights.[1]   Complaint, ¶¶ 11-14.

### 2.     As to Plaintiff Katherine Ruth

The Complaint alleges that Plaintiff viewed her consumer report from Experian on or

---

[1]     *See, e.g., Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3rd Cir. 1997) (to show willfulness under the FCRA, a consumer must prove that a consumer reporting agency adopted a policy either knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights).

about July 28, 2003.  After examining her consumer report, Plaintiff learned that Defendant was reporting false and derogatory information about her.   Specifically, Plaintiff learned that Defendant was falsely and adversely reporting that Plaintiff had a Household Bank account that remained unpaid and had been charged off.  Complaint, ¶¶ 16-17.

By letter dated August 1, 2003, Plaintiff disputed the Household Bank account with Experian.  Plaintiff informed Defendant that the Household Bank account had been paid in full as of July 24, 1998, and attached a copy of a letter from Household Bank's attorney confirming such payment in full.  In response, on or about August 15, 2003, Defendant sent Plaintiff a one-page document that summarily described the results of her Household Bank account dispute.  In that document, Experian stated that the Household Bank account status had been changed to "paid." However, Defendant did not provide Plaintiff with a copy of her consumer report that was based upon her file as it was revised as a result of the reinvestigation, as required by section 1681i(a)(6)(B)(ii) of the FCRA.   Thus, Plaintiff was unable to determine if the changed information regarding the Household Bank account had actually been made to her file. Complaint, ¶¶ 18-19.

In March 2004, Plaintiff ordered from and paid Experian for a copy of her consumer report so that she could review her entire credit file and make sure that the inaccurate information had indeed been deleted and that no additional errors or inaccurate information was being reported on her consumer report.  Complaint, ¶ 20.  The Complaint alleges that Plaintiff has suffered damages, including but not limited to, being required to pay for a consumer report that should have been free of charge, as a result of Experian's unlawful practice.  *Id.*, ¶ 21.

The Complaint seeks certification of the Class and actual and statutory damages for Experian's violation of the FCRA.

## III.   ARGUMENT

### A.   General Legal Standards Governing Class Certification

The Supreme Court has noted that "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Barnard*, 452 U.S. 89, 99 (1981). "Rule 23 is designed to assure that courts will identify the common interests of class members and evaluate the named plaintiff's and counsel's ability to fairly and adequately protect class interests." *In re Prudential Insurance Company America Sales Practice Litigation*, 148 F.3d 283, 308 (3d. Cir. 1998) (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 799 (3d Cir. 1995), *cert. denied*, 116 S. Ct. 88 (1995).

This Circuit has also noted that class actions are favored under consumer protection statutes such as the FCRA. *See Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004) ("Representative actions ... appear to be fundamental to the statutory structure of the {Fair Debt Collection Practices Act]. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action").

For a suit to be maintained as a class action under Rule 23, a plaintiff must allege facts establishing each of the four threshold requirements of subsection (a) of the Rule which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*See Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 246 (3d Cir.), *cert. denied*, 421 U.S. 1011 (1975).

Plaintiff must also allege that this action qualifies for class treatment under at least one of the subdivisions of Rule 23(b). Under Rule 23(b)(3), a class action will be appropriate where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Plaintiff bears the initial burden of advancing reasons why a putative class action meets the requirements of Rule 23. However, Plaintiff's burden is not a heavy one. *See Piel v. National Semiconductor Corp.*, 86 F.R.D. 357, 368 (E.D. Pa. 1980). Once a plaintiff has demonstrated a preliminary legal showing that the requirements of Rule 23 have been met, the burden of proof is upon the defendant to demonstrate otherwise. 2 H. Newberg, NEWBERG ON CLASS ACTIONS (4th ed. 2002) ("NEWBERG") §7.22 at 70-71. The Third Circuit has long recognized and adopted a liberal construction of Rule 23. *See, e.g., Kahan v. Rosenstiel*, 424 F.2d 161 (3d Cir. 1970) ("The interests of justice require that in a doubtful case … any error, if there is to be one, should be committed in favor of allowing the class action."); *Spark v. MBNA Corporation*, 178 F.R.D. 431 (D. Del. 1998).

The determinations called for by Rule 23 are questions addressed to the sound discretion of the district court. *Gulf Oil Co.*, 452 U.S. at 100. A decision to grant class certification is not a final order; it may be altered or amended as the case progresses towards resolution on the merits. Fed .R. Civ. P. 23(c)(1). In determining whether an action may be maintained as a class action, the court is not to conduct an exploration of the merits when deciding upon certification of a class. *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-78 (1974); *Kahan*, 424 F.2d at 168; *Williams v. Empire Funding Corp.*, 183 F.R.D. 428 (E.D. Pa. 1998); *Spark v. MBNA Corporation, supra*. Moreover, since class determination is made at the pleading stage of the

action, the substantive allegations in the complaint are accepted as true for purposes of the class

motion. *Eisen.* 417 U.S. at 177; *Williams,* 183 F.R.D. at 439; *Stewart v. Associates Consumer*

*Discount Co.,* 1 F. Supp. 2d 469 (E.D. Pa. 1998).

**B.    The Proposed Class Satisfies the Requirements**
**of Rule 23(a) of the Federal Rules of Civil Procedure**

Rule 23(a) establishes four prerequisites for the maintenance of a class action:

(1)  The class is so numerous that joinder of all members is impracticable;

(2)  There are questions of law or fact common to the class;

(3)  The claims or defenses of the representative parties are typical of the claims
or defenses of the class; and

(4)  The representative parties will fairly and adequately protect the interests of the
class.

This action should be certified as a class action because, as discussed below, all of the

requirements of Rule 23(a) have been met.

**1.    The Class is so numerous that joinder of all members is impracticable**

Rule 23(a)(1) does not require that joinder be impossible; rather, joinder of all members

is impracticable when the procedure would be "inefficient, costly, time-consuming, and probably

confusing." *Ardrey v. Federal Kemper Ins. Co.*, 142 F.R.D. 105, 111 (E.D. Pa. 1992). This

Court may make " a common sense determination" in order to support the finding of numerosity.

*Maldonado v. Houston*, 177 F.R.D. 311, 319 (E.D. Pa. 1997). There is no precise number

necessary for class certification. *Anderson v. Department of Public Welfare*, 1 F. Supp.2d 456,

461 (E.D. Pa. 1998).

The members of the Class here were victims of a standardized policy and procedure

implemented by Defendant that constituted a failure to follow the requirements of the FCRA.

Experian is a major consumer reporting agency ("CRA"). The Complaint alleges that Experian

willfully failed to provide consumers with copies of their consumer reports after those consumers

had disputed an item appearing in their Experian credit files. Defendant has consciously adopted and maintained this policy and practice. Thus, while the exact number of Class members will only be established from Defendant's documents and information obtained through class certification discovery (and supplemented in Plaintiff's reply memorandum in support of class certification), Plaintiff estimates that the Class numbers in the thousands, if not hundreds of thousands. Clearly, it is impractical and unnecessary to individually join all class members when all of their rights may be determined through a single proceeding. Accordingly, it is indisputable that the numerosity requirement is easily satisfied as to the Class.

## 2.     There are questions of law and fact common to the Class

A common question is "one which arises from a 'common nucleus of operative facts' regardless of whether 'the underlying facts fluctuate over the class period and vary as to individual claimants.'" *In re Orthopedic Bone Screw Products Liability Litig.*, 176 F.R.D. 158, 174 (E.D. Pa. 1997).    All class members need not share identical claims; "factual differences among the claims of the putative class members do not defeat certification." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d. Cir. 1994). Indeed, a single common question is sufficient to satisfy the requirements of Rule 23(a)(2). *Prudential*, 148 F.3d at 310, quoting *Baby Neal v. Casey*, 43 F.3d at 56; *Anderson*, 1 F. Supp.2d at 461 (same).    Courts have typically found a common nucleus of operative facts where, as in the present action, the defendant engaged in standardized conduct toward putative class members. *Prudential*, 148 F.3d at 309-310 (Prudential's orchestrated sales presentations, the plaintiffs' common legal theories, Prudential's common defenses, and other common issues undoubtedly satisfy the commonality and predominance requirements).

Courts generally find a wide variety of claims may be established by common proof in

cases involving similar form documents or standardized procedures or practices. *Weiss v. Regal Collections*, 385 F.3d at 338 (alleged violation by certain statements in collection letter supported class action); *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) (class certified on behalf of all Colorado residents who received standard form debt collection letters); *Wilborn v. Dun & Bradstreet Corporation*, 180 F.R.D. 347 (N.D. Ill. 1998) (class certified regarding form collection letter); *West v. Costen*, 558 F. Supp. 564 (W. D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices).

This action is appropriate for class certification because, as set forth in the Complaint, there are many questions of fact and law common to the Class. The principal question is whether Defendant violated the FCRA by failing to provide free consumer reports in connection with providing consumers with written notice of the results of a reinvestigation. Other common questions include:

      (a)    whether the Defendant adopted a policy of not providing free consumer reports knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA;

      (b)    whether Defendant adopted a policy of not providing free consumer reports in reckless disregard of whether the policy contravened those rights;

      (c)    how frequently and persistently the Defendant failed to comply with the provisions of the FCRA;

      (d)    the nature of the Defendant's noncompliance with the FCRA;

      (e)    whether the Defendant is liable for exemplary or punitive damages based upon its behavior *vis a vis* the Class;

      (f)    if the Defendant is found liable for punitive damages, the appropriate

measure of such damages; and,

      (g)    the amount of statutory and/or actual damages that the Plaintiff and the Class members are entitled to recover.

Each member of the proposed Class is a victim of Defendant's improper consumer reporting activity and was victimized by the same or substantially similar unfair and deceptive conduct. Accordingly, given the presence of common questions, it is indisputable that Rule 23(a)(2)'s requirement for the existence of common questions of fact or law is satisfied.

### 3. The claims of the representative plaintiff are typical of the claims of the Class

Rule 23(a)(3) requires that the claims of the class representatives be "typical of the claims . . . of the class." Fed.R.Civ.P. 23(a)(3). Rule 23(a)(3) and the adequacy of representation requirement set forth in subsection (a)(4) are designed to assure that the interests of unnamed class members will be adequately protected by the named class representatives. *See, e.g., General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir. 1977). "The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *Prudential*, 148 F.3d at 311.

The threshold for establishing typicality is low. Typicality does not require that the claims of the class members be identical. *Eisenberg*, 766 F.2d at 786. "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be <u>common</u> to the class . . ." *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (emphasis in original). The measure of whether a plaintiff's claims are typical is whether the nature of plaintiff's claims, judged from both a factual

and a legal perspective, are such that in litigating her personal claims she can reasonably be expected to advance the interest of absent class members. *See, e.g., Falcon*, 457 U.S. at 156-157; *Weiss*, 745 F.2d at 809-10 n. 36; *Scott v. University of Delaware*, 601 F.2d 76, 84 (3d Cir. 1979). Under a frequently employed formulation, typicality is demonstrated where the plaintiff can "show that the issues of law or fact he or she shares in common with the class occupy the same degree of centrality to his or her claims as to those of unnamed class members." *See Weiss*, 745 F.2d at 809-10 n. 36 (citing *Donaldson v. Pillsbury*, 554 F.2d 825 (8th Cir. 1977).

Where, as here, a plaintiff alleges a common pattern of wrongdoing, and will present the same evidence (based on the same legal theories) to support both her claims and the claims of the Class members, courts have held the typicality requirement to be satisfied, notwithstanding factual variances in the position of each class member.  As held by the Third Circuit in *Prudential*, where the named plaintiffs, as well as members of the proposed class, all have overarching claims arising from the same fraudulent scheme, the typicality requirement is satisfied regardless of whether different facts underlie each class member's claim. *Prudential*, 148 F.3d at 311-312. *See also, Hanrahan v. Britt*, 174 F.R.D. 356 (E.D. Pa. 1997) (typicality established where claims of all class members are based on the same systematic conduct and legal theories).

The representative plaintiff is a typical victim of Defendant's improper refusal to provide a free consumer report following a reinvestigation.  Plaintiff's claims arise out of the same course of conduct – the refusal to provide such a report – and are based on the same legal theories as those of the Class members.  The essence of each putative Class member's claim is precisely the same.  Accordingly, the common issues necessarily share "the same degree of centrality," *Weiss*, 745 F.2d at 809-10 n. 36, to the named representatives' claims such that in

litigating the liability issues, the representative plaintiff can reasonably be expected to advance the interests of all Class members toward a favorable determination with respect to each such issue. The claims of the representative plaintiff are typical of the claims of the Class.

### 4. The Plaintiff will fairly and adequately protect the interests of the Class

The requirement of Rule 23(a)(4) is met if it appears that (1) a plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation and (2) a plaintiff's interests are not antagonistic to those of the class she seeks to represent. *See, e.g., Prudential*, 148 F.3d at 312; *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir.1982). The existence of the elements of adequate representation are presumed and the burden is on the defendant to demonstrate that the representation will be inadequate. *Lewis*, 671 F.2d at 788.

Both prongs of the "adequacy" test are met here. First, plaintiff has retained counsel experienced in class action litigation to prosecute her claims and those of the Class. Counsel has been certified to represent classes under consumer protection laws by this Court and by courts in other districts.[2]

---

[2]     *See, e.g., Beck v. Maximus, Inc.*, 2005 WL 589749 (E.D. Pa. March 11, 2005); *Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303 (D. Conn. 2004); *Gaumer v. The Bon-Ton Stores*, C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003 ) (Yohn, J.); *Wells v. Coldata, Inc.*, C.A. No. 02-6609 (E.D. Pa. Nov. 20, 2003) (Brody, J.); *Muse v. Dymacol, Inc.*, 2003 WL 22794698 (E.D. Pa. Nov. 7, 2003) (Savage, J.); *Street v. Portfolio Recovery Associates*, C.A. No. 01-3684 (E.D. Pa. July 30, 2003) (Tucker, J.); *Piper v. Portnoff Law Associates, Ltd.*, 215 F.R.D. at 502; *Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. May 9, 2003) (Davis, J.); *Oslan v. Law Offices of Mitchell N. Kay*, 232 F. Supp. 2d 436 (E.D. Pa. 2002) (Katz, J.); *Samuel-Bassett v. Kia Motors America, Inc.*, 212 F.R.D. 271 (E.D. Pa. 2002) (Joyner, J.) (class certified for breach of warranty claims), vacated on other grounds, 357 F.3d 392 (3d Cir. 2004); *Saunders v. Berks Credit and Collections, Inc.*, 2002 WL 1497374 (E.D. Pa. July 11, 2002) (DuBois, J.); *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109 (E.D. Pa. 2002); *Schilling v. Let's Talk Cellular and Wireless, Inc.*, 2002 WL 391695 (E.D. Pa. Feb. 6, 2002) (Robreno, J.); *Colbert v. Dymacol, Inc.*, 2001 WL 34083813 (E.D. Pa. Oct. 2, 2001) (Newcomer, J.) (striking offer of judgment and granting motion for class certification), appeal dismissed as improvidently granted, 344 F.3d 334 (3d Cir. 2003) (unanimous *en banc* decision); *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461 (E.D. Pa. 2000) (Robreno, J.); *Smith v. First Union Mortgage Corp.*, 1999 WL 947398 (E.D. Pa. August

Second, any antagonism or conflict that would implicate Plaintiff's adequacy as a class representative is for Defendant to prove. *Lewis*, 671 F.2d at 788. Plaintiff asserts there is no such conflict or antagonism of interests, and it is the burden of Defendant to prove otherwise.

In sum, there is no conflict between Plaintiff and the Class, and Plaintiff shares with the Class the interest in establishing that the Defendant's policies constitute willful violations of the FCRA. Accordingly, the representative plaintiff adequately represents the interests of the Class.

### C. The Conditions of Rule 23(b)(2) and (3) Have Been Met

In addition to meeting the prerequisites of Rule 23(a), an action must satisfy at least one of the three conditions of subdivision (b) of Rule 23. Plaintiff proceeds here under Rule 23(b) (2) and (3) which provide in pertinent part:

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * *
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . .

Fed. R. Civ. P. 23(b)(2), (3).

This action qualifies as a class action under Rule 23(b)(2) because the Defendant's procedures constitute actions of general applicability to all members of the Class. Many decisions have recognized the availability of Rule 23(b)(2) certification in consumer cases.

23, 1999) (Waldman, J.); *Williams v. Empire Funding Corp.*, 183 F.R.D. 428, 440 (E.D. Pa. 1998) (Robreno, J.) (class certified for rescission claims under Truth in Lending Act).

*Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. at 112; *Woodard v. Online Information Services*, 191 F.R.D. 502, 506-07 (E.D.N.C. 2000); *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. at 562; *Young v. Meyer & Njus, P.A.*, 183 F.R.D. 231, 234-35 (N.D. Ill. 1998); *Gammon v GC Svcs. Ltd. Partnership*, 162 F.R.D. 313, 319-22 (N.D. Ill. 1995).

This action also qualifies for certification under Rule 23(b)(3).[3]  As discussed above, there are numerous questions of law and fact common to the Class.  Once common questions of liability are resolved, all that remains is the mechanical act of computing the amount of damages suffered by each Class member. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

Plaintiff has alleged a uniform practice and policy conducted by the Defendant against Plaintiff and the Class members.  Plaintiff has alleged that, in violation of the FCRA, Defendant intentionally carries out a corporate policy and practice of not providing free consumer reports to consumers following a reinvestigation of the consumer's dispute.  Whether Defendant does indeed engage is such a policy and practice is a threshold common question which predominates over all others.  Further, it is clear that FCRA class actions premised upon a defendant's failure to provide comply with the FCRA are eminently certifiable. *See Braxton v. Farmer's Insurance Group*, 209 F.R.D. 654 (N.D. Ala. 2002).

Accordingly, the issues of law and fact which flow from Defendant's uniform activity predominate over any individual issue.  Common issues predominate over individual issues where plaintiffs have alleged a common course of conduct on the part of a defendant. *Prudential*, 148 F.3d at 314-315.

---

[3]    Courts have often certified classes for the purposes of both equitable relief and damages. *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. at 112-13; *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 316 (S.D. Fla. 2001) (court certified injunctive class and damages class); *see also Williams v. Empire Funding Corp*, 183 F.R.D. 428, 436, n.14 (E.D. Pa. 1998).

In addition to finding the predominance of common questions, Rule 23(b)(3) also requires that the Court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." It has been widely recognized that a class action is superior to other available methods -- particularly, individual lawsuits -- for the fair and efficient adjudication of a suit that affects a large number of persons injured by violations of consumer protection laws or common law. *Prudential*, 148 F.3d at 316. Consumer class actions such as the case at bar easily satisfy the superiority requirement of Rule 23. *See Lake v. First Nationwide Bank*, 156 F.R.D. 615, 626 (E.D. Pa. 1994) (public interest in seeing that rights of consumers are vindicated favors disposition of claims in a class action).

Defendant has violated the rights of large number of geographically dispersed persons to such an extent that the cost of pursuing individual litigation to seek recovery against a well-financed adversary is not feasible. Thus, the alternatives to a class action are either no recourse for thousands of injured consumers, or even in the unlikely event that they all become aware of their rights and could locate counsel, a multiplicity of scattered suits resulting in the inefficient administration of litigation. Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of this matter.

There is no question but that this class action would be easily manageable. This case presents no manageability difficulties that would preclude class certification.

There is no question but that this class action would be easily manageable. This case presents no manageability difficulties that would preclude class certification.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion for an order certifying this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the proposed Class of individuals defined herein, and certifying Plaintiff Katherine A. Ruth as a proper representative of the Class.

Respectfully submitted,

**DONOVAN SEARLES, LLC**

Dated: May 13, 2005

By: _____

David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

16

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below I served a copy of the foregoing on the following persons by first class mail:

Albert J. Rota, Esq.
Patrick G. Broderick, Esq.
JONES DAY
222 East 41st Street
New York, NY 10017

Daniel J. McCloon, Esq.
JONES DAY
555 West Fifth Street
Suite 4600
Los Angeles, CA 90013-1025

Mohammad A. Ghiasuddin, Esq.
KAPLIN STEWART MELOFF REITER & STEIN PC
350 Sentry Parkway, Building 640
P.O. Box 3037
Blue Bell, PA 19422-0765

_____
DAVID A. SEARLES

DATED:        May 13, 2005