UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Katherine A. Ruth<br>on behalf of herself and all others<br>similarly situated<br><br>                Plaintiff,<br>  vs.<br><br>Experian Information Solutions, Inc.<br><br>                Defendant. | C.A. No. 05-CV-766<br><br><br><br>CLASS ACTION |

**PLAINTIFF'S MOTION TO SUPPLEMENT HER RESPONSE IN OPPOSITION
TO EXPERIAN'S MOTION TO DISMISS
<u>WITH THE DEPOSITION TESTIMONY OF EXPERIAN'S KIRA WILLIAMS</u>**

Plaintiff Katherine A. Ruth, by and through her undersigned counsel, hereby moves this Court to supplement her response in opposition to Experian Information Solutions, Inc.'s ("Experian's") motion to dismiss with the deposition testimony of Kira Williams taken on August 9, 2005 in the case of *Anderson v. Experian et al.*, C.A. No. 05-199 (E.D. Pa.), attached hereto as Exhibit A. For the reasons that follow, Plaintiff's motion should be granted, and Exhibit A should be deemed filed of record.

    I.    <u>**ARGUMENT**</u>

As the Court is aware, this is a consumer class action involving millions of consumers that challenges, among other things, defendant Experian's failure to provide consumers with copies of their consumer reports following investigations of credit disputes. Experian has filed a motion to dismiss that Plaintiff opposed on May 23, 2005. The motion is currently pending before this Court.

In addition to several flawed legal arguments that Plaintiff has responded to, and despite the fact that the Rule 12(b)(6) standard precludes argument and resolution of factual disputes,

Experian has also represented to this Court that, as a matter of fact, it does provide consumers with copies of their consumer reports and that Plaintiff is seeking some further disclosure that the law does not require.

Plaintiff maintains her position that consideration of Experian's factual contentions should not be countenanced at this stage of the proceedings, and that a simple review of the Complaint's allegations confirms that she has easily satisfied the Rule 12(b)(6) standard and stated a cause of action against Experian.  To the extent that this Court finds Experian's factual contentions germane to the resolution of its motion to dismiss, however, Plaintiff moves the Court to allow her to supplement the 12(b)(6) briefing record with the recent deposition testimony of an Experian corporate representative that undermines, if not obliterates, the contention of defense counsel that Experian in fact provides consumers with consumer reports following a credit dispute.

On August 9, 2005, Kira Williams, a specialist with the office of Experian's consumer affairs special services was deposed in a corporate representative capacity in the case of *Anderson v. Experian et al*, C.A. No. 05-199 (E.D. Pa.).[1]  In direct contradiction to the arguments that Experian has made to this Court in the instant case, Ms. Williams unequivocally

---

[1] *Anderson*, unlike the instant case, is a individual action based on Experian's inaccurate reporting of credit information about plaintiff Vickie Anderson.  As Judge Dalzell has recently recognized, the deposition testimony of a corporate representative may be considered as relevant evidence as a statement against Experian made by an Experian employee within the scope and course of employment.   See *Crane v. Trans Union, LLC,* 282 F. Supp. 2d 311, 316 n.6 (E.D. Pa. 2003 *citing* Fed. R. Evid. 801(d)(2)(D) (Trans Union employee's deposition from another case may be considered in summary judgment motion filed by it in separate matter); *see also Copeland v. Potroleum Transit Co.*, 32 F.R.D. 445, 447 (E.D.S.C. 1963) (deposition taken for use in another case could be used in analogous action); *Gros v.* City of Grand Prairie, 181 F.3d 613, 619 (5th Cir. 1999) (relying on deposition testimony taken in another case to vacate summary judgment); *Donahey v. Wellman*, 687 F. Supp. 195, 196-97 (W.D. Pa. 1988) (relying on deposition taken in parallel case to grant summary judgment); *see generally Aileen Mills Co. v. Ojay Mills, Inc.*, 192 F. Supp 131 (S.D.N.Y. 1960) (deposition taken in prior action by other plaintiffs against same defendants was part of record where submitted to district court upon motion to quash); *Tobacco & Allied Stocks v. Transamerica Corp.*, 18 F.R.D. 355 (D. Del. 1955) (all depositions, exhibits and pleadings from analogous litigation offered by party, over objection of opponent, were accepted and considered admissible).

testified that Experian does <u>not</u> provide consumers with full consumer reports following an investigation of a credit dispute. She described that at the end of an investigation, Experian sends consumers a document called a "consumer disclosure final," which is not a full consumer report:

```
20    A.  In the document you mean the consumer disclosure
21  final?
22    Q.  Yes.
23    A.  The results of the investigation are included in
24  that document.  We also provide the consumer's rights in
25  that document and we let them know if the account has been
```

Page 144

```
 1  updated.  We give them an updated version of that account.
 2    Q.  Okay.  So let's say there's an account that has
 3  been deleted.  Would you give the consumer an updated
 4  consumer disclosure showing that that account was deleted?
 5    A.  No.
 6    Q.  No?
 7    A.  No.  We let them know that the account has been
 8  deleted from the credit report.
 9    Q.  Okay.  Does the consumer dispute final show the
10  consumer what their whole credit report from Experian
11  looks like after the investigation?
12    A.  No.  The purpose of the consumer disclosure final
13  is to convey the results of the investigation.
14    Q.  Okay.  So Experian will only convey to the
15  consumer what the investigation resulted in, if you will?
16    A.  Yes, sir.
17    Q.  They don't get a full copy of their credit
18  report?
19    A.  Not for the results of the investigation, no,
20  sir.
21    Q.  Okay.  Is that a recent policy?
22    A.  No, sir, it isn't.
23    Q.  So it has been the case as long as you've been at
24  Experian that you're going to get the results of the
25  investigation and not a full consumer report?
```

Page 145

```
 1    A.  Right.
 2    Q.  Why not?
```

3

```
 3      A.   Why wouldn't the consumer receive a full
 4   disclosure of their credit report?
 5      Q.   Yeah.
 6      A.   Because I believe that the Fair Credit Reporting
 7   Act states that we must convey the results of the
 8   investigation.  I don't believe that it states that we
 9   have to send a full credit report along with the
10   investigation results.
11      Q.   And when you say -- you said earlier when
12   something is updated, you tell the consumer that.  Is that
13   the same as the results of the investigation?
14      A.   Yes, sir.
15      Q.   So the consumer does not get a full consumer
16   report showing how the report would look like at the end
17   of the investigation?
18      A.   No, sir.  If an item is updated, we send them how
19   the updated item looks.  We don't send a full copy of the
20   credit report.
21      Q.   If the consumer wanted to see their full consumer
22   report at the end of the investigation, they would have to
23   order one separately?
24      A.   Yes, sir.
```

(Kira Williams Dep. at 143-45) (emphasis added) (entire transcript is attached hereto as Exhibit A).

The Williams testimony could not be any clearer in confirming the facts and allegations in Plaintiff's Complaint that, following its investigation of a credit dispute, Experian does <u>not</u> provide consumers with copies of their consumer reports. Thus, the flawed consumer "file disclosure" versus "consumer report" distinction Experian spends page after page trying to convince the Court of is actually rendered nugatory by Experian's own admission, for it is clear that it sends *neither*.

To the extent that the Court was even inclined to consider Experian's factual contention regarding what it provides to consumers following an investigation, the *Williams* testimony should put to rest the notion that Experian in fact provides consumer reports to all consumers at the close of its investigations into disputes.

4

As the *Williams* testimony is pivotal evidence relating to the issue of what documentation, if any, Experian sends consumers following a dispute investigation that was unavailable at the time of filing of Plaintiff's response and opposition brief, Plaintiff should be permitted to supplement her response in opposition to Experian's motion to dismiss.

## II.     CONCLUSION

For all the reasons set forth above, the Court should grant Plaintiff's motion to supplement her response in opposition to Experian's motion to dismiss and enter the accompanying proposed order.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated:  September 7, 2005          BY:   _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**DONOVAN SEARLES, LLC**
DAVID A. SEARLES
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
 (215) 732-6067

Attorneys for Plaintiff and the Class