UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Katherine A. Ruth<br>on behalf of herself and all others<br>similarly situated<br><br>          Plaintiff,<br>vs.<br><br>Experian Information Solutions, Inc.<br><br>          Defendant. | C.A. No. 05-CV-766<br><br>CLASS ACTION |

## ORDER GRANTING MOTION TO STRIKE

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff's Motion to Strike Defendant Experian Information Solutions, Inc.'s Sur-Reply in Opposition to Plaintiff's Supplemental Motion for Class Certification, and Defendant's response thereto, if any, it is hereby ORDERED that the Motion is granted and Defendant's Sur-Reply is hereby STRICKEN from the record.

BY THE COURT:

_____
Thomas N. O'Neill, Jr., S.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Katherine A. Ruth** ) | |
| **on behalf of herself and all others** ) | |
| **similarly situated** ) | |
| ) | **C.A. No. 05-CV-766** |
| **Plaintiff,** ) | |
| vs. ) | |
| ) | |
| **Experian Information Solutions, Inc.** ) | |
| ) | **CLASS ACTION** |
| **Defendant.** ) | |
| ) | |

**ORDER GRANTING IN PART MOTION TO STRIKE**

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff's Motion to Strike Defendant Experian Information Solutions, Inc.'s Sur-Reply in Opposition to Plaintiff's Supplemental Motion for Class Certification, and Defendant's response thereto, if any, it is hereby ORDERED that the Motion is granted in part and Plaintiff may have ten (10) days from the entry hereof to file a Memorandum of Law in Reply to Defendant's Sur-Reply.

BY THE COURT:

_____
Thomas N. O'Neill, Jr., S.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Katherine A. Ruth** ) | |
| on behalf of herself and all others ) | |
| similarly situated ) | |
| ) | C.A. No. 05-CV-766 |
| **Plaintiff,** ) | |
| vs. ) | |
| ) | |
| **Experian Information Solutions, Inc.** ) | |
| ) | **CLASS ACTION** |
| **Defendant.** ) | |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION AND/OR FILE A RESPONSE TO THE SUR-REPLY**

Plaintiff Katherine A. Ruth, by counsel, hereby moves to strike Defendant Experian Information Solutions, Inc.'s Sur-Reply in Opposition to Plaintiff's Supplemental Motion for Class Certification. In the alternative, Plaintiff requests leave of court to file a Memorandum of Law in response to the Experian Sur-Reply within ten (10) days. In support of her Motion, Plaintiff avers as follows:

1. On or about February 1, 2006, Defendant Experian Information Solutions, Inc. filed a Sur-Reply in Opposition to Plaintiff's Supplemental Motion for Class Certification (the "Sur-Reply").

2. The Sur-Reply should be stricken from the record because it was filed without leave of Court and in violation of the four case management Orders in this case governing class certification briefing.

3. In the course of submitting the issue of class certification to this Court, the parties entered into four separate case management stipulations, each of which was approved by the

Court.  Attached hereto as Exhibit A are the four court approved stipulations, entered June 16, 2005, August 12, 2005, November 8, 2005 and December 14, 2005.

4.  Each stipulation provided for and contemplated only the following filings by the parties: a supplemental submission by Plaintiff in support of her Motion for Class Certification; a response by Defendant; and, a reply brief by Plaintiff.  *See* Exhibit A.

5.  Plaintiff filed her submissions in accordance with the case management Orders.

6.  Defendant never requested and Plaintiff never agreed to the filing of the Sur-Reply by Defendant.

7.  Local Rule of Civil Procedure 7.1(c), governing motion practice in the Eastern District of Pennsylvania, provides only for a motion and an answer and brief in opposition, "[u]nless the parties have agreed upon a different schedule and such agreement is approved [by the Court]."  Here, the parties agreed, and the Court approved, four separate stipulations governing class certification briefing, none of which permitted Defendant to file the Sur-Reply.

8.  While Local Rule 7.1(c) does allow the Court to "permit further briefs if appropriate," Defendant did not request the Court's leave before it filed the Sur-Reply.

9.  Defendant violated the four court-approved stipulations and the Local Rules by filing the Sur-Reply without the permission of the Court.

10.  Plaintiff has been prejudiced by Defendant's actions in violation of the Local Rules and the court-approved case management stipulations.  Experian's Sur-Reply contains numerous incorrect assertions and arguments that Plaintiff will be unable to respond to unless she also files an unauthorized response brief or obtains this Honorable Court's permission to do so.

WHEREFORE, Plaintiff respectfully requests that the Defendant's Sur-Reply be stricken from the record. In the alternative, Plaintiff requests that she be granted leave to file a Memorandum of Law in Reply to Defendant's Sur-Reply within ten (10) days of an Order granting such relief.

                                                Respectfully submitted,

                                                **FRANCIS & MAILMAN, P.C.**

Dated: February 7, 2006        BY: _____
                                                JAMES A. FRANCIS, ESQUIRE
                                                MARK D. MAILMAN, ESQUIRE
                                                JOHN SOUMILAS, ESQUIRE
                                                Land Title Building, 19th Floor
                                                100 South Broad Street
                                                Philadelphia, PA 19110
                                                (215) 735-8600

                                                **DONOVAN SEARLES, LLC**
                                                DAVID A. SEARLES, ESQUIRE
                                                1845 Walnut Street, Suite 1100
                                                Philadelphia, PA  19103
                                                (215) 732-6067

                                                Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Katherine A. Ruth | ) | |
| on behalf of herself and all others | ) | |
| similarly situated | ) | |
| | ) | C.A. No. 05-CV-766 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
| | ) | CLASS ACTION |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION**

As set forth in the foregoing Motion, Defendant Experian Information Solutions, Inc. violated four court-approved stipulations and the Local Rules of Civil Procedure when it filed a Sur-Reply in Opposition to Plaintiff's Supplemental Motion for Class Certification (the "Sur-Reply"). Plaintiff has been prejudiced by Defendant's actions and requests that the Sur-Reply be stricken from the record. In the alternative, Plaintiff requests that she be granted ten (10) days to file a Memorandum of Law in Reply to the Sur-Reply.

Local Civil Rule 7.1(c) requires the filing of a brief in support of every motion not certified as uncontested. The opposing party must file its brief in opposition "within fourteen (14) days after service of the motion and supporting brief." The Rule provides only for a brief in support of a motion and a brief in opposition; it does not provide for reply briefs or sur-rebuttal briefs. Some judges in this District may permit deviations from the Local Rule. For example, the late Judge James McGirr Kelly had a standing order permitting reply briefs in civil cases. *See United States v. Sokolow*, 1999 WL 275000 n.1 (E.D. Pa. May 5, 1999) ("by Standing Order in civil matters, reply briefs are allowed as of right").

In the absence of such a standing order, leave to file a reply brief, let alone a sur-reply brief, must be sought from the Court. *Beaver v. DISA*, 838 F. Supp. 206, 215 (E.D. Pa. 1993) (Van Antwerpen, J.) (motion for leave to file reply brief moot). *See also United States v. Borrome,* 2000 WL 298989 (E.D. Pa. March 15, 2000) (Van Antwerpen, J.) (analogizing request to reply to government answer to habeas corpus motion to request to file reply brief).

Failure to ask for advance permission may result in the reply brief not being received or considered. *See SEC v. Going Platinum, Inc*., 2004 WL 2203716 (E.D. Pa. Sept. 24, 2004) (Gardner, J.) ("Defendant never sought permission from the court to file his reply brief, and the undersigned did not grant leave. Accordingly, … we strike defendant's reply brief"); *Massaro v. Bard Access Sys.*, 209 F.R.D. 363 (E.D. Pa. 2002) (Robreno, J.) ("Because the court had neither required nor permitted the filing of such [additional] brief, the brief will be stricken and will not be considered by the court"); *Cooper v. Nationwide Mut. Ins. Co*., 2002 WL 31478874 (E.D. Pa. Nov. 7, 2002) (Dalzell, J.) ("Defendant appended a reply brief to its request for oral argument without first requesting leave of the Court. See Loc. R. Civ. P. 7.1. We therefore decline to consider the new arguments Nationwide advances in this brief"); *Schmidt, Long & Associates v. Aetna U.S. Healthcare*, 2001 WL 856946 (E.D. Pa. July 26, 2001) (Padova, J.) ("the Court struck Plaintiff's reply brief from the record for failure to comply with Court policy and Local Rule of Civil Procedure 7.1(c)").

While the cases cited above refer to the impropriety of filing a reply brief without leave of court, they obviously support with even more authority the proposition that sur-replies cannot be filed in such circumstances. The parties here expressly negotiated, and the Court approved, only three filings: Plaintiff's supplemental submission in support of her Motion for Class Certification; Defendant's response, and Plaintiff's reply brief. *See* Exhibit A to foregoing

Motion. Defendant has blatantly violated those Orders and the Local Rules by filing the Sur-Reply without first seeking the Court's permission. As such, the Sur-Reply should be stricken from the record.

In the alternative, due to the prejudice caused by Defendant's improper actions, Plaintiff should at the very least be granted ten (10) days to file a Memorandum of Law in Reply to Defendant's Sur-Reply.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated: February 7, 2006                    BY: _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**DONOVAN SEARLES, LLC**
DAVID A. SEARLES, ESQUIRE
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

Attorneys for Plaintiff and the Class